UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENT WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DR. WALTER CAMPBELL, et al.,<br><br>　　　　　Defendants. | Case No. 1:23-cv-00111-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Kent Williams began this litigation by filing a prisoner civil rights Complaint containing claims that accrued both before and after the two-year statute of limitations. *See* Dkt. 3 in Case No. 1:23-cv-346-BLW, *Williams v. Atencio, et al* ("Case 346"). The 72-page original Complaint violated General Order 342, requiring prison complaints to be no more than 20 pages in length. The Court issued an Initial Review Order requiring him to file two amended complaints, separating the old from the new claims. Dkt. 2. Plaintiff filed his two amended complaints. Dkts. 23 (Complaint #1), 24 (Complaint #2) in Case 346. The Court severed the pre-August 8, 2020 claims, contained in Docket 23 in Case 346 (also filed at Dkt. 1 in this case), from the newer claims contained in Docket 24 in Case 346. The pre-August 2020 conditions of confinement

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

and withholding of mail claims will be adjudicated in this case. The pre-August 2020 access to courts and due process claims will be severed from this case into a new case.

Plaintiff has filed several motions, which the Court will address. The Court will also set forth a case management plan to address the statute of limitations threshold issue.

1. **Motions**

Plaintiff's filing entitled "Question. What exactly is Complaint #2" ( Dkt. 5) will be deemed moot, as that is a question for Case 346, not this case. For the same reason, Plaintiff's Standing Motion for Extension of Time to File an Amended Complaint (Dkt. 9) will be deemed moot.

Plaintiff's Motion to Consolidate (Dkt. 4) this case with the one from which it was severed will be denied. The Court has broad discretion in implementing case management tools, especially in cases such as this one, where Plaintiff's litigation style—excessive in all respects—diminishes the Court's ability to adjudicate this case and timely adjudicate the other cases on its docket.

Plaintiff's Request for Further Explanations (Dkt. 7) will be denied as moot. Many litigants and lawyers alike are unsure which or why certain legal principles govern a unique set of facts, and each must do their best to respond to the Court or the opposing party in procedurally-proper ways—here, Plaintiff will be able to respond to a successive review order in this case. If Plaintiff disagrees with, or remains confused by, the Court's rulings, he may file an appeal at the end of this case. It is procedurally improper and it

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

causes extensive delays when a party continuously seek explanations and argues with the Court over its interlocutory rulings.

Plaintiff's Motion to File an Interlocutory Appeal (Dkt. 3) will be denied as an unnecessary step in this litigation. Plaintiff states that he is confused over what is at issue in this case—it is the severed amended complaint containing the pre-August 8, 2020 claims (Dkt. 1), which the Clerk of Court will provide to Plaintiff to alleviate his confusion and his need for an interlocutory appeal. In addition, the appellate court is more likely to permit a litigant to proceed with an appeal if the litigant waits to appeal the outcome of any adverse dispositive motions rather than to try to appeal case management orders addressing procedural matters.

Plaintiff's renewed Motion for Recusal (Dkt. 6) will be denied. Again, Plaintiff points to only rulings the Court has made in Plaintiff's cases, and nothing in the Court's substantive or procedural rulings shows that the Orders have been products of deep-seated favoritism or antagonism that made fair judgment impossible. The Court's decision to point out facts that do not favor Plaintiff's position does not make a decision the product of bias. For all of the foregoing reasons and those stated in the Court's previous decision, the motion for recusal will be denied for lack of a proper basis. Plaintiff shall not file any further motions for recusal, but may take that matter up on appeal at the end of the case.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

2. **Case Management Plan**

Within 21 days after entry of this Order, Plaintiff shall file a response of no more than 20 pages to this Order to clarify whether the following statements include the correct dates on which his claims in the Amended Complaint in this action (Dkt. 1) are based, and whether the claims are properly characterized:

> ***Pages 3 through 10***: from May 23, 2016, to May 31, 2016, Defendants violated Plaintiff's Eighth Amendment rights by asking him whether he was suicidal and placing and keeping him in a suicide watch cell under unconstitutional conditions of confinement.
>
> ***Pages 10 through 11***: from June 9, 2016, to June 15, 2016, Defendants violated Plaintiff's Eighth Amendment rights by asking him whether he was suicidal and placing and keeping him in a suicide watch cell under unconstitutional conditions of confinement.
>
> ***Pages 11 through 12***: from August 25, 2016, to September 6, 2016, Defendants violated Plaintiff's Eighth Amendment rights by asking him whether he was suicidal and placing and keeping him in a suicide watch cell under unconstitutional conditions of confinement.
>
> ***Pages 12 through 13***: from April 11, 2017, to April 29, 2017, Defendants violated Plaintiff's Eighth Amendment rights by asking him whether he was suicidal and placing and keeping him in a suicide watch cell under unconstitutional conditions of confinement.
>
> ***Pages 14 through 17***: Defendants violated his First and Fourteenth Amendment access to courts and due process rights.
>
> ***Pages 17 through 19***: From April 11, 2017, to July 11, 2017, Defendants violated his First Amendment right to receive mail. The Court clarifies that the First Amendment right to receive mail claim will be addressed in this case, to the extent that it does not include the First and Fourteenth Amendment access to courts/due process claims.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

  ***Pages 19 through 20***: From November 24, 2017, to December 4, 2017. Defendants violated Plaintiff's Eighth Amendment rights by asking him wrongfully placing and keeping him in a suicide watch cell under unconstitutional conditions of confinement.

  ***Pages 18 through 20***: Defendants violated his First and Fourteenth Amendment access to courts and due process rights.

  ***Page 21***: On November 24, 2017, Plaintiff recognized that Defendants' actions regarding unconstitutional conditions of confinement caused him to become permanently depressed.

  ***Pages 22 through 23***: From February 16, 2020 to March 18, 2020, Plaintiff was forced to go on a hunger strike until Defendants agreed to improve the conditions of confinement to bring them up to Eighth Amendment standards.

  ***Pages 22 to 25***: Defendants violated his First and Fourteenth Amendment access to courts and due process rights.

After Plaintiff files his clarifying response, the Court will issue a successive review order in this case, after which Plaintiff will be able to make his "continuing course of conduct" argument to support his position that the claims that will be adjudicated in this case are timely.

Plaintiff shall file nothing further in this case except the response to this Order, and he shall include no other subject matter in the response. After the Court issues its successive review order, Plaintiff may file a response of no more than 20 pages to that Order, but shall filing nothing more in this case until further order of the Court.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Standing Motion for Extension of Time to File Amended Complaint (Dkt. 9) is DENIED as MOOT.

2. Plaintiff's Motion to File Interlocutory Appeal (Dkt. 3) is DENIED.

3. Plaintiff's filing entitled "Question. What exactly is "Complaint #2" (Dkt. 5) is DENIED as MOOT.

4. Plaintiff's Motion to Consolidate (Dkt. 4) is DENIED.

5. Plaintiff's Motion to Reconsider Recusal (Dkt. 6) is DENIED.

6. Plaintiff's Motion for Further Explanations (Dkt. 7) is GRANTED to the extent that the Court provides some further explanation in this Order; it is DENIED to the extent that it is an improper filing.

7. Within 21 days after entry of this Order, Plaintiff shall file a response of no more than 20 pages to this Order, according to the guidelines set forth above.

8. Failure to comply with this case management order or any Order may result in sanctions, up to and including dismissal of this case without further notice under Federal Rule of Civil Procedure 41(b).

9. The Clerk of Court shall send Plaintiff a copy of his Amended Complaint at Dkt. 1 with his copy of this Order.

10. The Clerk of Court shall open a new case and file the Complaint (Dkt. 1 in this case) as the operative pleading in that case. Plaintiff's First and Fourteenth

Amendment access to courts and due process claims will be adjudicated in the new case. Nothing further shall be filed in that new case until the Court issues a screening order in that case.

DATED: December 28, 2023

B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**