UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENT WILLIAMS,<br><br>                   Plaintiff,<br><br>vs.<br><br>DR. WALTER CAMPBELL, et al.,<br><br>                   Defendants. | Case No. 1:23-cv-00111-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

      This case remains in screening status. The Court is in the process of reviewing whether the statute of limitations bars Plaintiff Kent Williams's § 1983 civil rights claims that accrued before August 2020. He filed his original Complaint in the original action on August 9, 2022. *See* Dkt. 3 in Case No. 1:22-cv-346-BLW, *Williams v. Atencio, et al* ("Case 346"). Only the timely claims remain in Case 346, with the claims beyond two years old severed into this case. After reviewing Plaintiff's older claims in his Amended Complaint (Dkt. 1 in this action), the Court sought clarification from Plaintiff whether the incidents giving rise to his claims did, in fact, occur before August 2020. Dkt. 11.

**1. Claims Arising Prior to July 2020 are Time-Barred**

      Plaintiff has filed his response to the Order, confirming that the claims did occur prior to two years before the original Complaint was filed. Dkt. 12. Therefore, the Court concludes that Plaintiff's claims arising prior to July 2020 are barred by the statute of

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1

limitations, unless he can show that the acts formed part of a ""continuing course of conduct," as defined and narrowed by governing federal case law, or that equitable tolling or estoppel should be applied, as defined and narrowed by governing Idaho case law.

Plaintiff may file a supplemental response of a total of 20 pages to brief these two points (20 pages total, not 20 pages per topic), and nothing else. The Court will then conclude its review of this case.

### 2. Continuing Violation Doctrine

The continuing violation doctrine rarely is applied in § 1983 actions, *Gutowsky v. County of Placer*, 108 F.3d 256, 259 (9th Cir. 1997), and it has been significantly narrowed since its inception, *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1061 (9th Cir. 2002). In *Gutowsky*, the plaintiff alleged that the county had an ongoing policy of discrimination throughout her many years of employment there, and she pointed to specific examples of discrimination outside the statute of limitations period that were "not the basis of her charge of discrimination" but were "evidence that a policy of discrimination pervaded [her employer's] personnel decisions." *Id*. at 260. The court determined that her claim was timely filed, because she "contend[ed] that the widespread policy and practices of discrimination of which she complain[ed] continued every day of her employment, including days that [fell] within the limitation period." *Id*. This is no longer prevailing law.

After *R.K. Ventures*, it is no longer true, as it was in *Gutowsky*, that "if a discriminatory act took place within the limitations period and that act was 'related and

similar to' acts that took place outside the limitations period, all the related acts—including the earlier acts—are actionable as part of a continuing violation." *RK Ventures,* 307 F.3d at 1061. Now, it is clear that the continuing violation doctrine does *not* apply when a plaintiff's claims are based on "discrete acts." *McCollum v. California Dep't of Corrections*, 647 F.3d 870, 877 (9th Cir. 2011).

In *Pouncil v. Tilton*, 704 F.3d 568 (9th Cir. 2012), the United States Court of Appeals for the Ninth Circuit further clarified that the date a cause of action accrues is determined by analyzing whether the plaintiff's claim is centered on (1) a defendant's discrete act that occurred *within* the statute of limitations period, allowing a plaintiff to proceed on the claim, or (2) merely an *inevitable consequence* that occurred within the statute of limitations period as a result of a discrete act that occurred *outside* the statute of limitations period, which prevents a plaintiff from proceeding. *Id.* at 576-79, 581-83. *Pouncil* explained that "each time a policy is invoked to deny an individual plaintiff's request, an independently wrongful, discrete act occurs, a claim accrues, and the limitations period begins to run." *Id.*, 704 F.3d at 579 (citing *Cherosky v. Henderson*, 330 F.3d 1243 (9th Cir. 2003), and *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)).

In *Cherosky*, employees of the United States Postal Service alleged that the Postal Service had violated their Rehabilitation Act rights by denying their requests for respirators. *Pouncil* focused on the fact that, in *Cherosky*, the "'heart of plaintiffs' complaint does not stem from *the policy* regarding the use of respirators, but rather from *the individualized decisions* that resulted from implementation of a policy originating

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 3**

from OSHA.'" *Pouncil*, 704 F.3d at 579 (explaining *Cherosky).*

Similarly, in *Ervine v. Desert View Regional Medical Center Holdings*, 753 F.3d 862 (9th Cir. 2014), the Court examined *Pouncil*'s reasoning and outcome:

> Pouncil maintained that the denial by prison officials in 2008 of his request for a conjugal visit with his second wife violated his rights under the Free Exercise Clause and RLUIPA. *Id*. at 570. Prison officials had previously denied in 2002 his request for a conjugal visit with his first wife, each time citing the same prison regulation. *Id*. We concluded that the second denial was "a separate, discrete act, rather than a mere effect of the 2002 denial." *Id*. at 581. It was an "independently wrongful" act because Pouncil's claim did "not rely on any acts that occurred before the statute of limitations period to establish a violation" of his rights. *Id*. Or, as we "put it another way, the 2008 denial relied on a new application of the regulation to a new request for a conjugal visit, it did not rely on the 2002 denial as barring all subsequent requests for conjugal visits." *Id*.

*Id*. at 870.

Plaintiff must address the *Pouncil* factors as applied to each set of his claims that may be within the continuing violation doctrine. Plaintiff must specify a start and end date for each particular Defendant's set of acts that forms the basis for a claim in his discussion.

### 3. Equitable Estoppel

If a claimant cannot show that his claim accrued within the statute of limitation period, he still may be permitted to proceed if he can show that his statute of limitation should have been tolled (or stopped) for a certain period of time during the period within which he should have filed the lawsuit. In a civil rights case such as this, state tolling provisions apply unless important federal policy will be undermined. *See Johnson v.*

*Railway Express Agency, Inc.*, 421 U.S. 454, 464-65 (1975).

The Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007). Idaho statutorily tolls the limitations period for a person's minority status or insanity. I.C. § 5-230.

Another option to address untimeliness is the theory of equitable estoppel, which "does not 'extend' a statute of limitation"; rather, it prevents a party who has falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the statute of limitations as a bar, although the time limit of the statute may have already run." *J.R. Simplot Co. v. Chemetics International, Inc.*, 887 P.2d 1039, 1041 (Idaho 1994).[1]

---

[1] The Idaho Supreme Court has applied equitable tolling in prisoner post-conviction matters. *See Bahr v. State*, 533 P.3d 282, 287-88 (Idaho 2023) (discussing *Evensiosky v. State*, 30 P.3d 967 (2001), and applying federal habeas corpus equitable tolling principles from *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'"). But the Idaho Supreme Court has not extended equitable tolling to other categories of civil matters. In *Gallagher v. Best W. Cottontree Inn*, 388 P.3d 57 (Idaho 2017), the court explained:

> The district court and the parties have used variations of the verb "toll" in their analysis of the effect of Snake River's failure to file a certificate of assumed business name with the Secretary of State. This Court has recently used the term in this context in *Winn* and *Ketterling v. Burger King Corp.*, 152 Idaho 555, 272 P.3d 527 (2012). In doing so, we have been using a convenient shorthand.
>
> "[E]stoppel does not eliminate, toll, or extend the statute of limitations." *City of McCall v. Buxton*, 146 Idaho 656, 664, 201 P.3d 629, 637 (2009*); Ferro v. Soc'y of Saint Pius X*, 143 Idaho 538, 540, 149 P.3d 813, 815 (2006). Rather, estoppel "bars a party from asserting the statute of limitations as a defense for a reasonable time after the party asserting estoppel discovers or reasonably could have discovered the truth." *Id*. Our use of various forms of "toll" in this opinion refers to whether Snake River is estopped from asserting the statute of limitations as a defense.

*Id.*, p. 59 n.1.

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 5**

The Idaho version of equitable estoppel requires a showing of four elements: "(1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth; (2) that the party asserting estoppel did not know or could not discover the truth; (3) that the false representation or concealment was made with the intent that it be relied upon; and (4) that the person to whom the representation was made, or from whom the facts were concealed, relied and acted upon the representation or concealment to his prejudice." *Id*. at 1041.

Plaintiff claims "[h]e was denied access to courts for one full year (and no paper, pen, etc.) then again for 25 days - while he was in the process of writing the complaint." Dkt. 12, p. 3. This claim appears more in the nature of equitable tolling than equitable estoppel. Because this is not a habeas corpus case, equitable tolling based on alleged lack of access to courts is not available. However, the Court will permit Plaintiff to argue that equitable tolling should apply, so that he can preserve the issue for appeal. For example. he may desire to argue that "important federal policy will be undermined" if equitable tolling based on access-to-courts grounds is not extended from application in prisoner habeas corpus cases to civil rights cases. *See Johnson*, 421 U.S. at 464-65. Plaintiff will need to specify the start and end date of the "one full year" and the start and end date of the "25 days." He will also need to state the who, what, where, why, and how" of the alleged denial of access to the courts. For example, did Plaintiff have no paper or pen for the entire year? If he is alleging that he had no access because he believed the prison return mail copy service was inadequate, he must briefly state those facts and show during which specific time periods that condition occurred. Or, if Plaintiff was on suicide

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 6**

watch, he needs to specify what access to courts services were permitted, and how long the limitations lasted.

If Plaintiff desires to argue that equitable estoppel should be applied, he must show which specific Defendants (not other non-Defendant IDOC officials) acted in a manner that meets the elements of equitable estoppel set forth above.

### 4. Discussion of Claims from July 2020

The statute of limitations is tolled while an inmate exhausts administrative grievance procedures pursuant to the Prison Litigation Reform Act ("PLRA"). *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005). Plaintiff asserts that some of his claims accrued on July 10, 2020, and were exhausted on August 10, 2020 (a Monday). The Court will extend the reach of the original case, Case 346, where the claims accruing from August 2020 forward are being adjudicated, to include any claims that arose in July 2020. Plaintiff must file supplemental complaint of no more than 10 pages to plead the July 2020 claims in Case 346. It would be helpful if Plaintiff specified the dates that exhaustion of administrative remedies were started and finished in his supplemental complaint.

### ORDER

**IT IS ORDERED** that Plaintiff shall file a brief of no more than 20 pages, setting forth his continuous course of conduct argument and his equitable tolling and/or equitable estoppel arguments, if any, within **30 days** after entry of this Order. Plaintiff shall file nothing further until the Court issues a second successive review order.

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 7**

DATED: June 25, 2024

B. Lynn Winmill  
U.S. District Court Judge

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 8**